UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARC WATERMAN, | ) COMPLAINT FOR VIOLATION OF |
| | ) THE SECURITIES EXCHANGE ACT |
| Plaintiff, | ) OF 1934 |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| SHARPS COMPLIANCE CORP., GARY R. | ) JURY TRIAL DEMANDED |
| ENZOR, SHARON R. GABRIELSON, | ) |
| PARRIS H. HOLMES, W. PATRICK | ) |
| MULLOY, and SUSAN N. VOGT, | ) |
| | ) |
| Defendants. | ) |

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. On July 12, 2022, Sharps Compliance Corp. ("Sharps" or the "Company") announced that it will be acquired Aurora Capital Partners and affiliates (the "Proposed Transaction").

2. On July 12, 2022, Sharps' Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Raven Buyer, Inc. ("Parent") and Raven Houston Merger Sub, Inc. ("Purchaser"). Pursuant to the terms of the Merger Agreement, Purchaser commenced a tender offer (the "Tender Offer") to purchase all of Sharps' outstanding common stock for $8.75 in cash per share. The Tender Offer is scheduled to expire on August 19, 2022.

3. On July 25, 2022, defendants filed a recommendation statement (the "Recommendation Statement") with the U.S. Securities and Exchange Commission ("SEC") in

connection with the Proposed Transaction.

4. The Recommendation Statement omits material information with respect to the Proposed Transaction, which renders the Recommendation Statement false and misleading, in violation of Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391 because a portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

8. Plaintiff is and has been continuously throughout all times relevant hereto the owner of Sharps common stock.

9. Defendant Sharps is a Delaware corporation. Sharps' common stock trades on the NASDAQ, which is headquartered in New York, NY, under the ticker symbol "SMED."

10. Defendant Gary R. Enzor is a director of the Company.

11. Defendant Sharon R. Gabrielson is a director and Chair of the Board of the Company.

12. Defendant Parris H. Holmes is a director of the Company.

13. Defendant W. Patrick Mulloy is a director, Chief Executive Officer, and President of the Company.

14. Defendant Susan N. Vogt is a director of the Company.

15. The defendants identified in paragraphs 10 through 14 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

16. Sharps is a leading business-to-business services provider to the healthcare, long-term care, and retail pharmacy markets.

17. On July 12, 2022, Sharps' Board caused the Company to enter into the Merger Agreement.

18. The press release announcing the Proposed Transaction provides as follows:

Sharps Compliance Corp. (NASDAQ: SMED) ("Sharps" or the "Company"), a leading full-service national provider of comprehensive waste management solutions including medical, pharmaceutical and hazardous waste, today announced that it has entered into a definitive merger agreement to be acquired by an affiliate of Aurora Capital Partners ("Aurora"), a leading middle-market private equity firm.

Under the terms of the merger agreement, Aurora will commence an all-cash tender offer to acquire all of the issued and outstanding shares of Sharps for $8.75 per share, which represents a premium of approximately 207% over Sharps' closing share price on July 11, 2022. The transaction has been unanimously approved by the Board of Directors of Sharps.

Following the successful completion of the tender offer, Aurora will acquire all remaining shares not tendered in the tender offer through a second-step merger at the same price.

Pat Mulloy, President and Chief Executive Officer of Sharps, stated, "Sharps is a leading provider of comprehensive solutions for the small to medium generators of medical, hazardous and pharmaceutical waste. To date, the Company has developed a tremendous customer base by offering route-based and mailback medical waste disposal services and we believe there is significant runway for increasing the market penetration for our MedSafe solution for the safe and compliant disposal of unused medications including controlled substances. In addition to delivering immediate value to our shareholders, this transaction provides Sharps with a long-term partner that is focused on building upon our

strong platform."

In connection with the entry into the merger agreement, certain directors and executive officers of Sharps have entered into tender and support agreements with Aurora pursuant to which they have, among other things, agreed to tender in the offer all of their shares.

The transaction is subject to clearance under the Hart-Scott-Rodino Antitrust Improvements Act of 1976, and other customary closing conditions. The transaction is not subject to any financing contingency and is expected to close in the third calendar quarter of 2022. Upon the completion of the transaction, Sharps will become a privately held company and shares of Sharps common stock will no longer be listed on any public market.

Raymond James & Associates, Inc. acted as financial advisor and Norton Rose Fulbright US LLP acted as legal advisor to Sharps.

19. Defendants filed the Recommendation Statement with the SEC in connection with the Proposed Transaction, which omits material information.

## Financial Projections

20. The Recommendation Statement omits material information regarding the Company's financial projections, including the line items underlying the financial projections.

21. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

## Financial Analyses

22. The Recommendation Statement omits material information regarding the financial analyses conducted by Raymond James & Associates, Inc. ("Raymond James"). When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

23. Regarding Raymond James' Public Trading Multiples analysis, the Recommendation Statement fails to disclose the individual multiples and metrics for the companies utilized by Raymond James.

24. Regarding Raymond James' Selected Transaction Analysis, the Recommendation Statement fails to disclose the individual multiples and metrics for the transactions utilized by Raymond James.

25. Regarding Raymond James' Discounted Cash Flows Analysis, the Recommendation Statement fails to disclose: (i) the terminal values utilized by Raymond James; (ii) the inputs and assumptions underlying the discount rates and multiples utilized by Raymond James; and (iii) the number of fully diluted shares utilized by Raymond James.

<u>Banker Engagement</u>

26. The Recommendation Statement fails to disclose material information regarding Raymond James' engagement, including: (i) the timing and details of the prior services Raymond James conducted for the Company and/or its affiliates; and (ii) the timing and details of any prior services Raymond James conducted for Parent and/or its affiliates, and the fees received for providing the services.

## COUNT I

**(Claim for Violation of Section 14(e) of the Exchange Act Against Defendants)**

27. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

28. Section 14(e) of the Exchange Act states, in relevant part, that:

> It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

5

29. Defendants disseminated the misleading Recommendation Statement, which contained statements that, in violation of Section 14(e) of the Exchange Act, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not misleading.

30. The Recommendation Statement was prepared, reviewed, and/or disseminated by defendants.

31. The Recommendation Statement misrepresented and/or omitted material facts in connection with the Proposed Transaction as set forth above.

32. By virtue of their positions within the Company and/or roles in the process and the preparation of the Recommendation Statement, defendants were aware of this information and their duty to disclose this information in the Recommendation Statement.

33. The omissions in the Recommendation Statement are material in that a reasonable shareholder will consider them important in deciding whether to tender their shares in connection with the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available.

34. Defendants knowingly or with deliberate recklessness omitted the material information identified above in the Recommendation Statement, causing statements therein to be materially incomplete and misleading.

35. By reason of the foregoing, defendants violated Section 14(e) of the Exchange Act.

36. Because of the false and misleading statements in the Recommendation Statement, plaintiff is threatened with irreparable harm.

37. Plaintiff has no adequate remedy at law.

## COUNT II

### (Claim for Violation of 14(d) of the Exchange Act Against Defendants)

38. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

39. Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

40. Rule 14d-9(d) states, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

41. The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Recommendation Statement false and/or misleading.

42. Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and misleading.

43. The omissions in the Recommendation Statement are material to plaintiff, and he will be deprived of his entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

44.     Plaintiff has no adequate remedy at law.

## COUNT III

**(Claim for Violation of Section 20(a) of the Exchange Act
Against the Individual Defendants)**

45.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

46.     The Individual Defendants acted as controlling persons of Sharps within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as directors of Sharps and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

47.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

48.     Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Recommendation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly connected with and involved in the making of the Recommendation Statement.

49.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

50. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.

51. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

52. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment and relief as follows:

A. Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to file a Recommendation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated:  August 5, 2022 **GRABAR LAW OFFICE**

By: _____/s/ Joshua H. Grabar_____
Joshua H. Grabar (#5906953)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*